OPINION
DON OWEN COSTELLO, Pro Tom Judge.
At issue is whether Tribal law required the Tribal Council to adopt written resolutions in public meetings to authorize the filing of motions to intervene and to stay in certain ongoing ethics proceedings. This case was tried to the court on remand from the Tribe’s court of appeals[1] on plaintiff’s amended complaint seeking declaratory judgment and writ of mandamus. Witnesses testified and were cross examined, and extensive exhibits were received into the record. Having reviewed the evidence, the oral and written arguments, and *117 the law, the court finds that the Tribal Council was not required to adopt written resolutions in public meetings to take the actions complained of, and holds that the case be dismissed.
Plaintiff alleges that the Tribal Council is required to act in accordance with G.R. Const, art. Ill, § 3(h) and Tribal Council Ordinance Code § 220. He alleges that defendants met by telephone with the Tribe’s outside attorneys and decided to file, and did file, a motion to intervene in five ethics cases brought by plaintiff—who was then a Tribal Councilperson—against three other Tribal Councilpersons and two other individuals[2], and a motion to seek to stay the ethics proceedings pending the outcome of plaintiffs appeals in other TESO proceedings then pending against him. Plaintiff claims these actions violated G.R. Const, art. Ill, § 3(h) and Tribal Council Ordinance Code § 220 because:
• They were taken with no written Tribal Council resolutions directing the filing of the motions to intervene and to stay, and approving the hiring of outside attorneys;
• There was no public meeting of Tribal Council as required by the G.R. Const, art. Ill, § 3(f) at which the matter of filing and pursuing the motions, and hiring and paying outside attorneys was presented, discussed or voted on by Tribal Council, and at which Tribal Council recessed to discuss the possible filing of the motions through outside attorneys in closed or executive session or returned to public session to vote on the matters;
• There was no written resolution considered by Tribal Council in a public meeting which was adopted by a majority vote of a quorum of Tribal Coun-
eil to approve the filing and pursuit of the motions, and the hiring and payment of outside attorneys; and
• Tribal Council and outside counsel refused plaintiffs request to withdraw the motions to intervene.
Plaintiff prays for judgment (1) declaring that the Tribal Council has not lawfully given any authority or direction to file in its name motions to intervene and to stay any of the ethics investigations, nor to hire and pay outside counsel with Tribal funds to prepare, file and pursue the motions; (2) directing that all action allegedly taken on behalf of Tribal Council on the motions by outside counsel be stopped, if and until Tribal Council establishes to the Tribal Court that lawful authorization under a duly adopted written resolution by a disinterested or qualified majority of the Tribal Council in a public meeting has occurred in compliance with Tribal Constitution and Code; and (3) for further relief.
Defendants admit that:
• The Tribal Council is required to act in accordance with G.R. Const, art. Ill, § 3(h) and to act in accordance with Tribal Council Ordinance Code § 220;
• The five ethics investigations referenced in the complaint were pending at the times in question;
• Tribal Council acted to intervene and to seek stays in the ethics investigations;
• There was no written resolution by the Tribal Council directing such actions;
• There was no written resolution by the Tribal Council approving the hiring and/or payment of outside council to file the motions;
*118 • The Tribal Council did not . vote in a public meeting on the decision to file the motions to intervene and to stay;
• There was no written resolution considered and adopted by the Tribal Council in a public meeting on the decision and/or request that outside counsel file the motions to intervene and to say; and
• Tribal Council and outside counsel refused plaintiffs request to withdraw the motions to intervene.
Defendants deny that the actions violated G.R. Const, art. Ill, § 3(h) and Tribal Council Ordinance Code § 220. Defendants aver that neither the Constitution nor any other provision of Tribal law requires the Tribal Council to adopt written resolutions in public meetings regarding matters relating to legal strategy in ongoing proceedings. They aver that outside counsel was not separately retained to file the motions to intervene and to stay, but filed such motions as part of its ongoing representation of the Tribal Council in connection with an appeal and other litigation brought by plaintiff against the Tribe and the Tribal Council after he was sanctioned for violations of TESO. Defendants pray for judgment dismissing the complaint and for further relief.
G.R. Const. art. III, § 1 provides in relevant part:
There shall be a Tribal Council which shall have the power to exercise all legislative authority, except that vested in the General Council, and all executive authority of the Tribe, including the right to delegate authorities as the Tribal Council deems appropriate. Said authority shall include but is not limited to the authority to employ legal counsel....
'The Tribal Attorney and several Tribal Councilpersons testified that the Tribal Council has historically delegated the authority to handle legal matters to the Tribal Attorney, including the authority to decide to hire outside council, file motions and make other strategic litigation decisions. The court received evidence of resolutions empowering the Tribal Attorney to “deal” with legal matters (Exs. 102, 103), and evidence that in its annual budgeting the Tribal Council authorizes the Tribal Attorney to expend funds on outside counsel (Exs. 137, 138). The testimony and other evidence regarding the scope of authority delegated to the Tribal Attorney were not contradicted. The court finds that pursuant to G.R. Const, art. Ill, § 1 the Tribal Council has delegated broad authority to the Tribal Attorney in the handling of legal matters. The court holds that the decisions to file the subject motions to intervene and to stay, the filing of the motions, and the refusal to withdraw them upon request all were within the scope of that authority.
Constitutional provisions requiring public meetings[3], ordinances[4] and resolutions [5], and Tribal Council Ordinance Code § 220[6] do not negate this authority. For this court to hold that they did would be to render meaningless Tribal Council’s constitutionally supported delegation of authority to handle legal matters to the Tribal Attorney, including the authority to decide to hire outside council, file motions and make other strategic litigation decisions. Such a holding would seriously interfere with the functioning of the Tribal organization by improperly interfering *119 with the Tribe’s need for adequate and confidential legal representation.[7]
Defense counsel shall prepare and submit to the court within 10 days a form of judgment dismissing the amended complaint with prejudice, and entering judgment against plaintiff and for defendants.

. Ed Pearsall v. Tribal Council for the Confederated Tribes of the Grand Ronde Community of Oregon, No. A-03-02-001, 2004 WL 5599260, 5 Am. Tribal Law 66 (Grand Ronde 2004)

. The ethics cases were brought under the now-repealed Tribal Ethical Standards Ordinance (TESO), former Tribal Code § 275.

. G.R. Const. art. III, § 3

. G.R. Const. art. III, § 3(g)

. G.R. Const. art. III, § 3(h)

.Specifically, Tribal Council Ordinance Code § 220(f)

. The court received into evidence hundreds of pages of Tribal Council resolutions offered by the plaintiff. Plaintiff asks the. court to interpret these to be evidence that the Tribal Council acknowledges a Constitutional requirement for written resolutions in public meetings to direct its attorneys and the decisions made by them in situations similar to that before the court. The court has read each of these resolutions looking for support for this contention and has found none. While there have been some instances in which the Tribal Council authorized hiring of outside attorneys or directed legal action to be taken, such Tribal Council actions were allowed rather than required under G.R. Const. art. III, § 1.